IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY K. BOGGS, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 15-1336 |
| CAPTAIN TERRA, SUPERINTENDENT WENEROWICZ, MARY CANINO, AARON SIVERA, DEPUTY GEORGE ONDREJKA, CAPTAIN SPAGNOLETTI, ROBIN LEWIS, DEPUTY LANE and MICHAEL BELL, | |
| Defendants. | |

## MEMORANDUM OPINION

**Schmehl, J.   /s/ JLS**                                       **March 28, 2016**

      Before the Court is the Commonwealth Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 19). Plaintiff, Anthony K. Boggs, in custody at the time he filed this action and presently in custody at SCI Graterford, brought this § 1983 action regarding his temporary assignment to the Restricted Housing Unit after contraband was found in his cell and the alleged loss of some of his personal property. (Am. Compl. pp. 3-4.)

      Plaintiff's motion to proceed *in forma pauperis* was granted on March 24, 2015. On May 26, 2015, the Defendants filed a motion to dismiss. In response, Plaintiff filed an Amended Complaint on June 10, 2015, and on June 26, 2015, Defendants filed another motion to dismiss. On July 6, 2015, Plaintiff filed a "Motion for Curative Amendment in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint" (Docket

No. 20), which I construe as a response to Defendants' Motion to Dismiss.[1] Also pending are Plaintiff's "Motion for Preliminary Injunction" (Docket No. 10), Plaintiff's "Motion to Supplement Add and Correct Plaintiff's Amended Complaint" (Docket No. 21), Plaintiff's "Motion for Permission to Add or Amend" (Docket No. 23), and Plaintiff's "Motion for Appointment of Counsel" (Docket No. 24). To the extent that Plaintiff's motions found at docket nos. 21 and 23 seek to amend the amended complaint to include additional information and exhibits, both motions are granted. To the extent these motions seek to add additional defendants, both motions are denied, as Plaintiff has failed to set forth a basis for including these additional parties in this litigation. The remaining motions will be addressed below.

I.  **BACKGROUND**

Plaintiff's Amended Complaint contains three counts against Defendants. Count One, which Plaintiff entitles "breach of duty," Count Two, "Violation of Due Process," and Count Three, "Retaliatory Treatment for filing 1983 civil action claim and for filing grievances." (Am. Compl., p. 5.) A thorough review of the Amended Complaint shows that Plaintiff seems to be asserting §1983 claims under the due process clause, as well as retaliation for his placement in the restrictive housing unit and for alleged loss of his personal property.

II.  **STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S.

---

[1] To the extent this motion (docket no. 20) seeks to respond to Defendants' Motion to Dismiss, amend the Amended Complaint, and/or add the exhibits attached as exhibits to Plaintiff's Amended Complaint, it is granted. In all other respects, this "motion" is denied.

544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### III. DISCUSSION

Section 1983 provides remedies for deprivations of rights established in the Constitution or by federal law. To state a claim under § 1983, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States. Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

#### A. Claims Related to Misconduct Report

Construing the Amended Complaint and all its supplements broadly, it is arguable that Plaintiff is claiming a due process violation in the issuance of an allegedly "fabricated" misconduct report and his placement in the restricted housing unit ("RHU") as a result of that misconduct. To the extent this is correct, and Plaintiff is claiming a due

process violation for the misconduct report and subsequent placement in RHU, Defendants' motion to dismiss is granted and these claims are dismissed from the Amended Complaint with prejudice.

Procedural due process generally guarantees that the state will not deprive someone of a protected interest in life, liberty, or property without due process of law. U.S. Const., Amend. XIV, Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). In the Amended Complaint, Plaintiff appears to be alleging a due process violation for his misconduct claim and the resulting punishment. Allegations of false misconduct reports, without more, do not state a due process claim. Thomas v. McCoy, 467 Fed. Appx. 94, 96 n.3 (3d Cir. 2012), *citing* Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002). See also Brown v. Hannah, 850 F.Supp.2d 471, 475 (M.D. Pa. 2012) ("The filing of a false misconduct report does not violate an inmate's due process rights. The general rule, as stated in Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), provides that a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.") Further, the Third Circuit has held that a far lengthier transfer to RHU than what Plaintiff was given does not impose a "significant hardship" so as to create a possible due process violation. Sandin v. Connor, 515 U.S. 472 (1995); Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997) (15 months in RHU does not implicate liberty interests); Brown v. Shannon, 566 Fed. Appx. 151, 153 (3d Cir. 2014) (per curium) (misconduct sanction of 90 days in disciplinary custody did not implicate a protected liberty interest.) Accordingly, Plaintiff has no due process claim

resulting from the alleged fabrication of a misconduct report and his subsequent placement into the RHU. Therefore, this claim is dismissed with prejudice.

### B. Claim Related to Lost Property

Plaintiff also brings a section 1983 claim against Defendants for a due process violation based upon the loss of his personal property. As Plaintiff had meaningful post-deprivation remedies, this claim is meritless.

As stated above, procedural due process guarantees someone will not be deprived of a protected interest in life, liberty or property without due process of law. Parratt, 451 U.S. at 537. The deprivation itself is not a violation of procedural due process. Zinermon v. Burch, 494 U.S. 113, 126 (1990). In cases similar to the instant matter, courts have held that where prisoners are deprived of personal property, whether intentionally or inadvertently, meaningful post-deprivation remedies provide sufficient due process. Parratt at 544; Hudson v. Palmer, 468 U.S. 517, 532 (1984). The courts of this Circuit have consistently held that the Department of Correction's grievance procedure provides inmates with adequate post-deprivation remedies. Barr v. Knauer, 321 Fed. Appx. 101, 103 (3d Cir. 2009) *citing* Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000); McEachin v. Beard, 319 F.Supp. 448, 454 (E.D. Pa. 2004). Since an adequate post-deprivation remedy exists, any due process claim is foreclosed. Austin v. Lehman, 893 F.Supp. 448, 454 (E.D. Pa. 1995). As Plaintiff had the opportunity to participate in a "meaningful post-deprivation remedy" regarding his alleged deprivation

of his personal property, he has no actionable due process claim and his due process claim based upon the loss of his personal property is dismissed with prejudice.[2]

### C. Retaliation Claims

Lastly, Plaintiff alleges that his personal property has been taken from him in retaliation for him filing this instant action against the defendants. However, the Prison Litigation Reform Act ("PLRA") requires the exhaustion of all internal prison administrative procedures before filing suit. Small v. Camden County, 728 F.3d 265, 268-69 (3d Cir. 2013) (citing 29 U.S.C. § 1915A; 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 84 (2006); Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004)). Specifically, regarding exhaustion, the PLRA states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Compliance with the exhaustion requirement is mandatory. Woodford, 548 U.S. at 88. In addition, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules" in order to properly exhaust. Id. at 88, 93. If a prisoner fails to follow the procedural requirements, his claims are procedurally defaulted and precluded from federal court. Spruill, 372 F.3d at 231. Further, the exhaustion requirements of the PLRA do apply to retaliation claims. See Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (holding that "1997e(a) requires a prisoner to exhaust his administrative remedies when alleging 'particular episodes' of misconduct –

---

[2] Further, as will be discussed with regard to Plaintiff's retaliation claim, Plaintiff's personal property claims are also unexhausted under the Prison Litigation Reform Act and therefore, should be dismissed on that basis as well.

which would include an act of retaliation.") (*citing* Porter v. Nussle, 534 U.S. 516, 532 (2002)).

The Department of Corrections has a three-tiered inmate grievance procedure which requires an inmate to submit an initial grievance to the prison's Grievance Coordinator within fifteen days of the incident giving rise to the grievance. Thompson v. Pennsylvania Dep't of Corr., No. 13-2661, 2015 WL 877511, at *5 (M.D. Pa. Mar. 2, 2015). After a decision on the grievance at this initial level of review, a prisoner may then appeal to the Facility Manager, and can then pursue a final appeal to the Secretary's Office of Inmate Grievances and Appeals. Id.

A review of the exhibits attached to Plaintiff's Amended Complaint, as well as the documentation attached to Plaintiff's numerous motions makes it clear that Plaintiff did not exhaust the grievance procedure with respect to his retaliation complaint prior to filing suit. The instant suit was initiated on March 16, 2015. Plaintiff attached to his "Motion Seeking an Injunction Against the Defendants…", a copy of an unnumbered grievance dated May 4, 2015, in which he claims that after he filed the instant civil action, his personal property was damaged and withheld from him as retaliation. (See Docket no. 10, unnumbered p. 11.) Although this grievance has no number, and we do not know what its outcome was, Plaintiff clearly had not exhausted his administrative remedies regarding his retaliation claim when he filed this action on March 14, 2015, as he never filed a grievance on that issue until May 4, 2015. The fact that he may have eventually completed the grievance procedure after this matter was initiated does not exhaust his claims regarding his retaliation claims. As stated by the Third Circuit:

> The fact that [Plaintiff] completed the administrative review process
> before the District Court reached the exhaustion question is of no

7

>consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court.

Oriakhi v. U.S., 165 Fed. Appx. 991, 993 (3d Cir. Feb. 10, 2006) (per curium). Accordingly, as Plaintiff did not exhaust his administrative remedies prior to filing the instant matter, his retaliation claim must be dismissed without prejudice as unexhausted. See Ahmed v. Sromovski, 103 F.Supp.2d 838, 844 (E.D. Pa. 2000) ("[d]ismissal of a plaintiff's complaint without prejudice is appropriate when a plaintiff-inmate has failed to exhaust his available administrative remedies before bringing an action under § 1983.").

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint will be granted. Plaintiff's claims of due process violations are dismissed with prejudice, and Plaintiff's retaliation claim is dismissed without prejudice. Plaintiff's Amended Complaint will therefore be dismissed.[3]

---

[3] As this matter is being dismissed, Plaintiff's Motion for Appointment of Counsel will be denied as moot. Further, Plaintiff's Motion for Preliminary Injunction is also denied.